# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHAY DEE COOK,                )
                              )
          Plaintiff,       )
                              )
vs.                           )     Case No. 17-1307-JTM-KGG
                              )
ROCKY CROWNOVER,              )
                              )
          Defendant.       )
_____)

### MEMORANDUM & ORDER ON
### MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
### REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with the federal court Complaint (Doc. 1), Plaintiff Shay Dee Cook has also filed a Motion for Leave to Proceed *In Forma Pauperis* with an accompanying financial affidavit (Doc. 3, sealed). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the *IFP* application but **recommends** Plaintiff's claims be dismissed for failure to state a viable federal cause of action.

**A.    Motion to Proceed *IFP*.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***,

No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny *in forma pauperis* status lies within the sound discretion of the court.  *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff states an age of 37 years old and single with no dependants.  (Doc. 4, sealed, at 2-3.)  Plaintiff lists no current or prior employment.  (*Id.*, at 3-4.)  Plaintiff owns no real property and does not own an automobile.  (*Id.*, at 4, 5.)

Plaintiff lists no cash on hand and no monthly government benefits.  (*Id.*, at 5,6.)  Plaintiff also lists no expenses of any kind.  (*Id.*, at 6.)  Plaintiff has not

previously filed for bankruptcy.  (*Id*. at 7.)

Considering all of the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.**     **Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte*

dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See **Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See **Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also **Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief

through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).  Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the

grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff's cause of action derives from the allegation that Defendant "forged signatures on quit claim deeds resulting in transferring property out of [Plaintiff's] name illegally and selling them." (Doc. 1, at 3.) Plaintiff lists a return address in Wichita, Kansas, but fails to indicate whether or not Defendant is a resident of Kansas. (*See* Doc. 1, at 1, 2.) The Court notes, however, that Plaintiff previously filed the same claims against Defendant with this Court. (*See* Case No. 17-1059-JTM-KGG.) Therein, Plaintiff indicated Mr. Crownover is a resident of Wichita, Kansas. As such, the Court has no basis to establish federal court diversity jurisdiction.

Plaintiff's prior lawsuit, alleging causes of action for "property theft and forgery," was dismissed for failure to state a federal cause of action. (*See* Case No. 17-1059-JTM-KGG, Doc. 6, at 6, and Doc. 9, at 2.) Plaintiff now categorizes the claim as "fraudulent conveyance," citing Article 2 of the Uniform Fraudulent Transfer Act, § 33-212. (*See* Doc. 1, sealed, at 3.) The statute cited is a Kansas

6

state statute. As such, it does not confer federal court jurisdiction and a recommendation of dismissal is warranted. This Court therefore **recommends** to the District Court that the case be **DISMISSED**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 2) is **GRANTED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 19th day of December, 2017.

                                    S/ KENNETH G. GALE
                                    KENNETH G. GALE
                                    United States Magistrate Judge