IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAY DEE COOK,

        Plaintiff,

v.

                                                        Case No. 17-1307-JTM-KGG

ROCKY CROWNOVER,

        Defendant.

**MEMORANDUM AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the court on the Magistrate Judge's Report and Recommendation ("R&R"), filed December 19, 2017 (Dkt. 5), recommending that the court dismiss plaintiff's claims for failure to state a claim under Federal Rules of Civil Procedure 8(a) and 12(b)(6). Additionally, the Magistrate Judge notes that defendant is listed as a resident of Wichita, Kansas, in the case caption. Therefore, no federal jurisdiction exists because the parties are not diverse. The Magistrate Judge also recommends dismissal for lack of subject matter jurisdiction because plaintiff cites a Kansas statute in support of his claim of fraudulent conveyance.

The Magistrate Judge notified plaintiff of his ability to file objections within 14 days to the R&R. On January 3, 2018, plaintiff filed a response (Dkt. 7) and stated that he cited a state statute where a federal statute was required. He also laid claim on property located at 2431 N. Waco, Wichita, Kansas. Plaintiff further claims that the

deed falls under the fraudulent conveyance act case *Gambone v. Lite Rock Drywall*, 288 F. App'x 9, 12 (3d Cir. 2008).

Having reviewed the R&R and plaintiff's response, the court finds that the Magistrate Judge fully and accurately considered plaintiff's claims and governing legal authority. Plaintiff references "federal statute 28 Appendix 18," but this statute does not support a claim for relief. (Dkt. 7, at 1).

The court previously dismissed plaintiff's case in No. 17-1059-JTM-KGG for lack of federal jurisdiction. (Dkt. 9, at 2). The court further found that plaintiff's claims appeared to involve a dispute arising entirely under state law. Therefore, ancillary jurisdiction, as discussed in *Gambone v. Lite Rock Drywall*, 288 F. App'x 9, 12 (3d Cir. 2008), does not provide a basis for federal jurisdiction. *See id.* ("[A]ncillary jurisdiction lets prevailing litigants go to the District Court that entered their judgment for help in resolving matters related to its enforcement."). This court did not enter judgment in favor of plaintiff, and therefore, lacks jurisdiction to enforce a related matter. The court adopts the R&R and dismisses this action.

IT IS THEREFORE ORDERED this 30th day of January, 2018, that plaintiff's claims, along with this case, are dismissed without prejudice.

 s/ J. Thomas Marten  
J. Thomas Marten, Judge